**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALKAR SINGH, | No. 11-70645 |
| Petitioner, | Agency No. A073-411-243 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012**

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Balkar Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen based on

ineffective assistance of counsel.  We have jurisdiction under 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen, *Avagyan v. Holder*,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

646 F.3d 672, 674 (9th Cir. 2011), and review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely because the motion was filed more than six years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 678-80 (equitable tolling is available to a petitioner who establishes that he suffered from deception, fraud or error, and exercised due diligence in discovering such circumstances).

It follows that Singh's due process claims fail. *See Colmenar*, 210 F.3d at 971 (due process violation occurs "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case"); *Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (BIA need not "write an exegesis on every contention," just "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (internal quotations and citation omitted)).

In light of our disposition, we need not reach Singh's remaining contentions.

**PETITION FOR REVIEW DENIED.**